1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH SHAWN BAGGETT, ) | Case No. CV 06-1597 JC |
| Petitioner, ) | |
| ) | ORDER DISMISSING ACTION |
| v. ) | |
| WARDEN WOODRING, et al., ) | |
| Respondent. ) | |

On March 15, 2006, petitioner, who was then a federal inmate proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") pursuant to 28 U.S.C. § 2241.  Petitioner argues that (1) he is entitled to a sentence reduction due to his participation in the Bureau of Prison's Residential Drug Abuse Treatment Program; and (2) the Bureau of Prisons has wrongfully denied him placement in a federal prison camp.  On March 23, 2007, petitioner was released from the Bureau of Prisons.[1]

"Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases and controversies." Iron

---

[1]The Court takes judicial notice of this fact based upon the Federal Bureau of Prisons' Inmate Locator website: www.bop.gov.

1

1   Arrow Honor Society v. Heckler, 464 U.S. 67, 70 (1983) (citations omitted).  "If

2 an event occurs that prevents the court from granting effective relief, the claim is

3 moot and must be dismissed."  American Rivers v. National Marine Fisheries

4 Service, 126 F.3d 1118, 1123 (9th Cir. 1997) (citation omitted).  Petitioner's

5 release from Bureau of Prisons' custody prevents the court from granting any

6 effective relief.  See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) (release

7 from prison generally will moot claim for injunctive relief with respect to prison

8 policies).

9       Accordingly, this action is dismissed as moot.

10 DATED:    March 13, 2009

11

12                                  /s/

13                   Honorable Jacqueline Chooljian
                  UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28